**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **DANIEL NESTICK,** )<br>) **Case No. 3:12-cv-403**<br>**Plaintiff,** )<br>) **District Judge Walter H. Rice**<br>-v- ) **Magistrate Judge Michael J. Newman**<br>)<br>**UNISON INDUSTRIES, LLC** )<br>)<br>**Defendant.** ) | |

**AGREED PROTECTIVE ORDER**

Plaintiff Daniel Nestick ("Plaintiff") and Defendant Unison Industries, LLC ("Defendant") stipulate and agree to the following Agreed Protective Order to be entered in this case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1. **CONFIDENTIAL INFORMATION**

This Order shall apply to all documents, materials, things or information produced during the course of this action, including depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or in hearings, matters in evidence and any other information that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL."

For purposes of this Order, "CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a hearing, information revealed in an interrogatory answer, or otherwise produced during discovery that is in good faith designated as such by the producing party, and that, as

claimed by the producing party, constitutes confidential personal, business, legal, regulatory, financial, research, or development information or confidential policies or procedures, business plans, commercially-sensitive information, personal information or other non-public information within the meaning of Federal Rule of Civil Procedure 26(c), the dissemination of which generally is protected by the designating party in its normal course of business. "CONFIDENTIAL" information shall include any copies, excerpts, summaries, abstracts, or other documents that contain "CONFIDENTIAL" information.  Any party may challenge the designation of any document as "CONFIDENTIAL," as provided herein.

**2.     INADVERTENT FAILURE TO DESIGNATE**

Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice.  Upon receipt of the supplemental written notice, the terms of this Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

**3.     INADVERTENT PRODUCTION**

The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product.  No party or entity shall be held to have waived any rights by such inadvertent production as long as the receiving party is notified within 10 days of the inadvertent production.  Upon written request by the inadvertently producing party, the receiving party shall not use the information in the document for any purpose until further order of the Court.  If the receiving party disagrees that the document is privileged or has been produced inadvertently, it shall file the appropriate motion within 14 days

of receipt of the written request from the inadvertently producing party. The burden of proof of privilege and inadvertence shall be on the producing party.

**4.      PERMITTED DISCLOSURE**

   a.   Any information that is designated as "CONFIDENTIAL" by the party or person producing it shall not be disclosed to any person other than the following:

   i.    The parties and in-house counsel for the parties;

   ii.   The Court and appropriate court personnel;

   iii.  Outside counsel of record for the parties;

   iv.   Members of the legal, paralegal, secretarial, or clerical staff of such counsel who are assisting in or responsible for working on this litigation;

   v.    Outside experts or consultants for the parties as permitted herein;

   vi.   Court reporters during depositions in which confidential material is marked;

   vii.  Deponents during depositions in which such material is marked; and

   viii. Deponents or actual trial witness whose review of confidential information is reasonably necessary to his or her examination.

   b.   Disclosure to those persons listed in paragraphs 4(a)(v) may not be made until the person to whom disclosure is to be made is given a copy of this Order and signs a copy of the Confidentiality Agreement in the form attached hereto as Exhibit A.

The provisions of this paragraph 4 shall survive final termination of this action.

**5.      FILING WITH COURT**

Any pleading, brief, or other document filed with the Court in this case which discloses or reveals, directly or indirectly, any "CONFIDENTIAL" information shall be filed under seal. Such materials shall be placed in a sealed envelope that shall be endorsed with the title of this action, the words "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and a statement containing substantially the following information:

   This envelope (container) is sealed because it contains CONFIDENTIAL information filed in this case by [INSERT THE NAME OF THE PARTY OR

PERSON FILING SUCH CONFIDENTIAL INFORMATION], and is not to be opened or the contents thereof displayed or revealed except by the Order of the Court.

**6.  DEPOSITIONS**

A party may designate any portion of a deposition containing Confidential Information (as defined above) as "CONFIDENTIAL" by so stating on the record at the time testimony is given.  In the event any party wishes to place under seal the deposition transcript or portions of the deposition testimony designated as "CONFIDENTIAL," the Court shall be given the opportunity to determine upon motion by the party seeking to place the testimony or portions thereof under seal whether good cause exists to seal the record in accordance with the Federal Rules of Civil Procedure.

**7.  TESTIMONY AT HEARINGS OR TRIAL**

In the event any party wishes to place under seal the transcript or portions thereof of testimony containing "CONFIDENTIAL" information provided before the Court at a hearing or at trial, the Court shall be given the opportunity to determine upon motion by the party seeking to place the testimony or portions thereof under seal whether good cause exists to seal the record in accordance with the Federal Rules of Civil Procedure.

**8.  USE FOR THIS ACTION**

Any person receiving information designated "CONFIDENTIAL" pursuant to discovery in this matter shall make no use of such information, directly or indirectly, except for the purposes of presenting claims or defenses in this action and may not use this information in any other case or dispute nor for any private business or commercial purpose whatsoever.

**9.  NO WAIVER OF OBJECTIONS**

Nothing contained in this Order:  (a) shall be construed as a waiver by a party or person of its right to object to the subject matter of any discovery request, or as an agreement by any

party or person to produce documents, supply information or permit entry upon land under Rule 34 of the Federal Rules of Civil Procedure; (b) shall constitute an admission that any evidence exists or that evidence that may exist is relevant in any way to the issues; (c) shall be construed as a waiver of any privilege; or (d) shall be construed as an admission by the receiving party that produced information is entitled to the designation of "CONFIDENTIAL."  No party shall be obligated to challenge immediately the propriety of a "CONFIDENTIAL" designation and the failure to do so shall not preclude a later challenge to the propriety of such designation.

10.     **AFTER TERMINATION OF ACTION**

After final termination of this action, including appeals or expiration of the time in which to appeal, each counsel of record, upon written request made within 60 days of the date of final termination, shall within 60 days of such request:  (a) destroy and certify in writing that such destruction has occurred; or (b) assemble and return to the counsel of record all material in their possession and control embodying information designated "CONFIDENTIAL," including all copies thereof.  To the extent that any information has been filed under seal with the Court, pursuant hereto, such documents may be retrieved from the clerk's office by the party seeking to maintain the confidentiality of such documents within 60 days of said final termination.

11.     **CHALLENGE TO CONFIDENTIALITY DESIGNATION**

No party to the Action shall be deemed, by treating information as confidential, to have conceded that the information actually is confidential.  Nothing in this Order shall operate to prejudice the rights of access to or use of information designated as "CONFIDENTIAL," nor shall it prejudice or impair the right of a party to challenge the propriety of the designation as to certain information, or the procedure for handling same.  The party producing the "CONFIDENTIAL" information or documents shall have the burden of proving that the

information or documents so produced are protected in accordance with the Federal Rules of Civil Procedure and the standards adopted by this Court.

Any party to the Action may object to the designation of any materials as "CONFIDENTIAL" information by stating in writing its objection and the basis therefore to the party or nonparty who produced the materials or who made the designation.  The party making the objection and the person who produced or designated the material shall attempt in good faith to resolve the objection.  At the expiration of twenty-one (21) days from receipt of the objection (unless this period is extended by agreement or by court order), the objecting party may move this Court for an order determining the confidentiality of such materials.  Until the Court rules on any such motion, documents, transcripts and information designated "CONFIDENTIAL" shall continue to be deemed "CONFIDENTIAL" under the terms of this Protective Order.  If the disclosing party agrees to remove the "CONFIDENTIAL" designation, then the disclosing party will provide a new copy of the document without the "CONFIDENTIAL" designation.

**12.**     **NON-PARTY CONFIDENTIALITY**

In the event any non-party is called upon to produce information, which it reasonably believes constitutes or discloses trade secrets, such non-party may elect to become a party to the terms of this Order for the purpose of protecting its information by serving a written notice of its election on counsel for each party.  After service of such a notice of election, this Order will be binding on and inure to the benefit of such non-party.

**13.**     **FURTHER RELIEF**

Nothing in this Order shall (i) preclude any party from petitioning the Court for different protection with respect to any information as that party considers necessary and appropriate, including applying for an order modifying this Order in any respect, or (ii) preclude the Court from altering this Order.

**14. EXCLUSION OF INDIVIDUALS**

Counsel for any party may exclude from the room at a deposition or other discovery proceeding any person (other than the witness then testifying) who is not authorized under this Order during any questioning that involves "CONFIDENTIAL" information. "CONFIDENTIAL" information shall not be disclosed to the witness then testifying except in conformity with the provisions of this Order, including the requirement that the testifying witness agree to be bound by the terms of this Order (unless already bound by this Order) by executing the Agreement set forth in Exhibit A.

Counsel for any party may seek a Court Order excluding from a hearing or trial any person (other than the witness then testifying) who is not authorized under this Order, during any questioning that involves "CONFIDENTIAL" information.

**15. AUTHORITY TO FILE UNDER SEAL**

Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary (including but not limited to Section Five above) are hereby stricken.

**IT IS SO ORDERED.**

June 17, 2013                                         s/ **Michael J. Newman**
                                                      United States Magistrate Judge

AGREED TO:

| | |
|---|---|
| */s/  Brandi M. Stewart* | */s/  David M. Duwel* |
| Rachael A. Rowe (0066823) | David M. Duwel |
| Brandi M. Stewart (0082546) | 130 West Second Street, Suite 2101 |
| Keating Muething & Klekamp PLL | Dayton, Ohio  45202 |
| One East Fourth Street, Suite 1400 | Phone:  (937) 297-1154 |
| Cincinnati, Ohio  45202 | Fax:  (937) 297-1152 |
| Phone:  (513) 579-6400 | david@duwelllaw.com |
| Fax:  (513) 579-6457 | |
| rrowe@kmklaw.com | *Attorney for Plaintiff, Daniel Nestick* |
| bmstewart@kmklaw.com | |

*Attorneys for Defendant,*
*Unison Industries, LLC*

4829902.1

- 8 -

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **DANIEL NESTICK,** ) | |
| ) | **Case No. 3:12-cv-00403-WHR** |
| **Plaintiff,** ) | |
| ) | **District Judge Walter H. Rice** |
| -v- ) | **(Magistrate Judge Michael J. Newman)** |
| ) | |
| **UNISON INDUSTRIES, LLC** ) | |
| ) | |
| **Defendant.** ) | |

### CONFIDENTIALITY AGREEMENT

I have read the Agreed Protective Order concerning the confidentiality of information in the above-captioned litigation.  I understand that the Agreed Protective Order is a court order designed to preserve the confidentiality of certain confidential information.  I also understand that the Agreed Protective Order restricts the use, disclosure, and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

I agree to comply with all provisions of the Agreed Protective Order with respect to any information designated confidential that is furnished to me.  I further hereby submit myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreed Protective Order.

AGREED TO: _____

Printed Name: _____

4905069.1